People v Darby (2026 NY Slip Op 01015)

People v Darby

2026 NY Slip Op 01015

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 3925/18, 236/21|Appeal No. 5920|Case No. 2022-05744|

[*1]The People of the State of New York, Respondent,
vGregory Darby, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nkechi N. Erondu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil Ross, J., at suppression hearing; James Burke, J., at plea and sentencing), rendered November 16, 2021, convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree and attempted criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of five and a half years followed by five years of postrelease supervision, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 567-569 [2019], cert denied 589 US &mdash, 140 SCt 2634 [2020]), which forecloses review of his challenge to the court's denial of his motion to suppress physical evidence (see People v Araujo, 10 AD3d 535, 535 [1st Dept 2004], lv denied 4 NY3d 760 [2005]). Defendant's valid waiver of appeal also forecloses review of his excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). In any event, we perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026